---

(Nos. 14540-15438.—Reversed and remanded.)
WILLIAM G. WURN, Defendant in Error, *vs.* JOSEPH M. BERKSON *et al.* Plaintiffs in Error.

*Opinion filed October 20, 1923.*

1. CONTRACTS—*construction placed by the parties upon uncertain language is of great importance.* The construction placed by the parties themselves upon uncertain language of the contract is of great importance when such contract is before the courts for construction.

2. SAME—*when transactions occurring after execution of contract may be considered.* Transactions between the parties, after the execution of a contract, had in reference thereto, may be considered by the courts in determining the true intention of the parties concerning matters wherein the contract is not clear.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

ANDALMAN, KOSTNER & ARVEY, (MAXWELL N. ANDALMAN, SAMUEL J. ANDALMAN, JOHN R. O'CONNOR, and THOMAS E. SWANSON, of counsel,) for plaintiffs in error.

MORRIS K. LEVINSON, and S. G. GOODSON, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a reconsideration, on the court's own motion, of the case of *Wurn* v. *Berkson,* (No. 14,540,) in which an opinion was filed at the October, 1922, term. (*Wurn* v. *Berkson,* 305 Ill. 231.) The facts concerning this controversy are there set out in detail and it is unnecessary to re-state them here. The original opinion filed reversed the judgment of the Appellate Court and the decree of the superior court for the reason that Anna J. Wurn, who the opinion holds was a party to the contract, did not appear either as party complainant or defendant to the original bill. The cause was remanded to the superior court, with leave to the parties to amend their pleadings if they be so advised and for further proceedings not inconsistent with the views expressed in the opinion. Both parties filed petitions for rehearing, and with the petition filed by William G. Wurn, Anna J. Wurn, who was a party to the record as defendant to the cross-bill filed therein and as plaintiff in error complaining of the decree of the Appellate Court granting the prayer of the cross-bill, filed in this court her consent to be bound by the contract in question and the decree entered by the superior court or to be entered by this court in the cause, waiving any right to be exempt from the terms of the contract or lease. The original opinion filed in this cause was at the December term, 1922, modified by directing that the decree of the superior court be modified to require Mrs. Wurn to execute and deliver in duplicate the lease in question, and as so modified the decree of the superior court was affirmed. On presentation of the mandate of this court the chancellor in the superior court entered a decree therein in accordance with that mandate. The Berksons, who were defendants in error in this court and original defendants in the superior court, sought an appeal, which was denied, whereupon they sued out a writ of error to review the decree of the superior court, which cause is numbered 15438 on the docket of this court

and has been consolidated with the original cause. On the record of the writ of error last sued out it for the first time appears that Mrs. Wurn by her answer to the Berksons' cross-bill disavowed any interest in the contract in question and in substance denied any liability on her part under such contract and that she thereafter maintained such position up to the filing of the consent herein referred to. It appearing to the court that the position taken by Mrs. Wurn might, if the contention of the Berksons regarding that matter be sustained, materially affect the right of Wurn to damages for failure of the Berksons to execute the lease in accordance with the contract, (which question has, by reason of lapse of time, become the one of largest practical importance in the case,) the court of its own motion granted a rehearing in the original cause and made the writ of error in No. 15438 a *supersedeas.*

The original opinion filed in this case holds that the intention of the parties signing the contract of September 16, 1915, was that Anna J. Wurn should be a party thereto and bound thereby; that although her name did not appear in the body of the contract she had signed the same, and that it was evident from the attitude of the parties throughout the transactions between them, up to and including the lease of March 17, 1916, that she was considered a party thereto. It was therefore held that she was a necessary party to Wurn's original bill, either as a complainant or defendant. While, as contended by counsel for the Wurns, the rule is that transactions or statements had or made before the execution of a written contract or thereafter, unless they show a new contract and an abandonment of the old, cannot be shown to alter the terms of such written contract, (*Lancaster* v. *Roberts,* 144 Ill. 213,) it is also the rule that transactions between the parties after the execution of a contract had in reference thereto may be considered in determining the true intention of the parties concerning matters wherein the contract is not clear. It is well

settled that the construction placed upon uncertain language of a contract by the parties themselves is of great weight in determining the true construction of that contract. In the instant case Mrs. Wurn's name was not in the body of the contract and the contract does not show in what capacity she signed. The evidence of the conversations and negotiations of the parties shows, however, that they all considered her one of the parties to the contract and that her name was unintentionally omitted from the body thereof. We are therefore constrained to adhere to the view in this regard as expressed in the opinion in this case originally filed.

We also adhere to the view, for reasons given in the opinion originally filed herein, that the plaintiffs in error, the Berksons, are not entitled to have the contract removed as a cloud upon their title, but that such contract, when considered in connection with the lease signed, is of sufficient certainty to warrant, under proper pleading and proof, its enforcement by specific performance. We are also of the opinion that the Berksons should be given an opportunity to show, if they can, in what manner, if any, the attitude of Mrs. Wurn subsequent to the disagreement of the parties on March 17, 1916, justified refusal on their part to execute the lease in question in so far as that matter relates to the question of damages.

The judgment of the Appellate Court and the decree of the superior court will therefore be reversed and the cause remanded to the superior court with leave to the parties to amend their pleadings if they be so advised, and for further proceedings not inconsistent with the views herein expressed. The decree of the court in No. 15438 being a further proceeding in the original cause on remandment, and the order allowing a rehearing of the original cause having necessarily set aside that mandate, the decree of the chancellor entered thereon is likewise set aside.

*Reversed and remanded, with directions.*